IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

**CARMINEE MARQUEZ ARROYO**

Debtor

FIRSTBANK PUERTO RICO

Movant

CASE No.: 18-00821 (ESL)

CHAPTER 13

(X) 11 U.S.C. §1325(a)(5)(B)(iii)(I) on *Equal monthly payments*; (X) 11 U.S.C. §1325(a)(5)(B)(iii)(II), on *Adequate Protection Payments*; (X) 11 U.S.C. §1327 (a) on the *Effects of a confirmed plan*

## OBJECTION TO THE CONFIRMATION OF PROPOSED CHAPTER 13 PLAN

TO THE HONORABLE COURT:

COMES NOW, Movant **FIRSTBANK Puerto Rico**, through its undersigned attorney and very respectfully states and preys:

**I. JURISDICTION**

1.   This Honorable Court has jurisdiction over the instant case pursuant to 28 U.S.C. §1334, 28 U.S.C. §157, and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409, 11 U.S.C. §1325(a)(5)(B)(iii)(II), on *Adequate Protection Payments*, 11 U.S.C. §1325(a)(5)(B)(iii)(I), on *Equal Monthly Payments*, and 11 U.S.C. §1327(a) on the *Effects of a confirmed plan*.

**II. FACTS**

2.   Debtor filed a petition for relief under the provisions of Chapter 13 of the Bankruptcy Code (11 USC §1301 et seq.) on February 19, 2018.

3.   Movant filed a secured proof of claim as holder of a duly registered lien over Debtor's vehicle, identified as no. 1 at Claims' Register.   This contract was executed 842 days prior to the filing of the petition.

4.   Debtor's proposed plan dated August 2, 2018 (docket no. 24) pays Firstbank's claim no. 1 in full, along with insurance quote through Eastern America, while unsecured creditors are to receive pro-rata disbursements.

5.   The proposed plan has two (2) main issues.   **First**, plan fails to provide adequate protection payments from the filing of claim no. 1 until plan is confirmed.   **Second**, if the proposed plan is confirmed as filed, from confirmation Firstbank's claim no. 1 will start receiving payments

February 2019; this is a year from the filing of the voluntary petition.  (Copy of Movant's analysis of disbursements according to the proposed plan has been included as *Attachment "A"*.)

6.  Firstbank PR does not accept the plan as proposed and objects its confirmation, requesting it be amended to provide adequate protection payments of $100.00 for claim no. 1 *retroactive* to the filing of creditor's claim, and to pay it from confirmation, in *equal monthly payments* of $100.00 concurrently with attorney's fees until fees are paid in full.

In compliance with Local Bankruptcy Rule 9013-2 (a), Firstbank PR hereby submits its motion or response accompanied by a supporting memorandum that contains the points and authorities in support of its position, together with the pertinent affidavits and/or documents.

## III. DISCUSSION

- **ADEQUATE PROTECTION**

7.  Section 1325 of the Bankruptcy Code (11 USC §1325) sets forth the requirements for confirmation of a Chapter 13 plan.  11 USC §1325(a)(5) directly states that the court shall confirm a plan *if*:

"(5) With respect to each allowed secured claim *provided for by the plan* –

(A) The holder of such claim has accepted the plan;

(B) (i) the plan provides that –

(I)      The holder of such claim retain the lien securing such claim until the earlier of –
(aa) the payment of the underlying debt determined under non-bankruptcy law; or
(bb) the discharge under 1328: and

(II)      *If* the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extend recognized by the applicable non-bankruptcy law;

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and -

(iii) *If*-

(I)      property to be distributed pursuant to this subsection is in the form of periodic payments, such payments *shall* be in equal monthly payments; and

(II) the holder of the claim is secured by a personal property, the amount of such payments *shall* not be less than an amount sufficient to provide to the holder of such claim ***adequate protection*** during the period of the plan. (emphasis supplied)

8. The concept of adequate protection finds its basis in the Fifth Amendment's protection of property interest. H.R. REP. NO. 95-595, 338-340 (1977), US Code Cong. & Admin. News 1978, pp. 5963.

9. "Adequate Protection" is a term that is used numerous times in the Bankruptcy Code but is not explicitly defined. Steven C. Krause & Andrew Zatz, *Recent Developments in adequate protection under section 361*, Norton Annual Survey of Bankruptcy Law & Practice, 2011 Edition. "Adequate protection is compensation, monetary or otherwise, paid to a creditor for the depreciation of its collateral. *United States Ass'n of Tex. v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 370 (1988) ("interest is not adequately protected if the security is depreciating during the term of the stay")... This court held in *In re Butler* that when a creditor's interest in personal property is not adequately protected, adequate protection payments are required *before and after* confirmation of the debtor's plan. *In re Butler*, 403 B.R. 5, 12 (Bankr. W.D. Ark. 2009)." As cited in *In Re Alfred William Bettis and Mary Lou Bettis*, 09-bk-76412 (Bankr. W.D. Ark. 2009).

10. Adequate protection is also grounded in the belief that secured creditors should not be deprived of the benefit of their bargain. *In re Dispirito*, 371 B.R. 695.

11. Section 361 of the Bankruptcy Code (11 USC) provides three (3) methods to provide adequate protection to an entity:

"When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may provided by-

(1) requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property;

(2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's

interest in such property; or

(3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in a the realization by such entity of the indubitable equivalent of such interest in such property." (emphasis added).

12. Moreover, regarding the pre-confirmation adequate protection payments, 11 USC §1326 (a)(1)(C) establishes that not later than 30 days from filing of the petition or the filing of the plan, whichever is earlier, Debtor shall commence making payments providing adequate protection directly to a creditor holding an allowed claim secured by personal property.

- **POST CONFIRMATION ADEQUATE PROTECTION / EQUAL MONTHLY PAYMENTS**

13. With the adoption of 2005 BAPCPA, now section 1325(a)(5)(B)(iii)(II) requires post-confirmation adequate protection payments, in the form of money at least equal to the depreciation of the collateral. (The case of *In re Desardi*, 340 B.R. 790 (2006), citing a Supreme Court decision, discussed the concept of depreciation of a motor vehicle:

"In contrast to the benefit that actual use provides to the estate, actual use of the vehicle produces a direct detriment to the creditor with an interest in the vehicle. Actual use of a vehicle causes depreciation. The depreciation in the actual value of the collateral hurts a creditor's interest if a creditor is relying on collateral to secure its claim. The Supreme Court articulated this principle in *In re Timbers*, 484 US 365 (1988), 108 S.Ct. 626, 98 L.Ed 2d 740 (1988). The Court stated that a creditor's interest in property includes a right "to have the security applied in payment of the debt upon completion of the reorganization" and it is well established that "the interest is not adequately protected if the security is depreciating during the term of the stay". 484
U.S. at 370, 108 S. Ct. 626.
      In summary, the holder of a lien on a vehicle has a protectable interest. When the vehicle depreciates through the use, the lien holder must be protected.")

14. The secured creditor asserting an interest in non-cash collateral, must prove the validity, priority, or extent of its interest. *In Re Stone Resources, Inc.*, 448 B.R. 361 (2011), *In re Armenakis*, 406 B.R. 589 (2007). However, debtor bears the burden to demonstrate that a creditor is adequately protected. *In re South Side House, LLC*, 451 B.R. 248 (2011).

15. The respected treatise Judge Keith M. Lundin, cited in the *Dispirito* decision, also addressed the issue of post-confirmation adequate protection:

"Lien retention in section 1325(a)(5)(B)(i) has been interpreted to require that payments through the plan must at least equal the depreciation in the value of the collateral during

the repayment period. Not to be confused with adequate protection before confirmation or with the payment of present value (interest) after confirmation, lien retention avoids constitutional problems through depreciation and use of collateral by the debtor after confirmation.  Put in another way, even if the plan recites that secured claim holders retain liens, if the payments proposed by the plan are insufficient to stay ahead of depreciation, the retained liens will erode faster than the allowed secured claim is paid, contrary to the intent of section 1325(a)(5)(B)(i)." Lundin, *Chapter 13 Bankruptcy*, 3d Ed., Vol. 2, Section 104.2, page 104-4, as cited in *In re Dispirito*, supra.

16. The courts have been divided as to the form in which the adequate protection post-confirmation must be paid.  Some courts have adopted the position that adequate protection payments may continue post-confirmation in one amount, with *equal monthly payments* replacing them at a higher amount at some later point during the life of the plan (see: *In re Hill*, 397 B.R. 259, (2007); *In re Desardi*, 340 B.R. 790 (2006); *In re Erwin*, 376 B.R. 897 (2007)).  In the other hand, other courts have held that periodic payments refer to all payments made on allowed secured claims after confirmation, which may begin with trustee's distribution under a confirmed plan. (See: *In re Denton*, 370 B.R. 446 (2007); *In re Sánchez*, 384 B.R. 578 (2008)).  Since the Code states that the periodic payments shall be in *equal monthly payments*, the courts conclude that all periodic payments after confirmation must be in equal monthly amounts.  *In re Denton*, supra. Indistinctly of the adopted approach, the result will not vary: a secured creditor shall be paid, immediately after confirmation, an amount sufficient to compensate the depreciation of its collateral until said claim is *paid off*.

- **CONCURRENT PAYMENTS WITH ATTORNEY'S FEES**

17. Even prior to the adoption of 2005 BAPCPA, there was a line of cases which pointed out the need for attorneys proposing thinly funded plans to "share the risk" with secured creditors, whose payments were severely delayed.  The best example is *In re Lanigan*, 101 BR 530, 533 (1986), in which the Court concluded:

> "There is no reason that has been addressed to this Court to show why the attorneys who present thinly funded plans should not share the risk of possible failure thereof and thereby be encouraged to scrutinize all plans even more closely. When plan payments are small and payment of fees out of front will delay payments to creditors for many months, the sharing of risk and encouragement of more scrutiny will be served by spreading out payments of attorney's fees over time, at least over the early months of the plans while debtor and creditors also get some benefit from monthly payments that apply partly to debts."

18. Prior to BAPCPA, the analysis of *In re Lanigan* was adopted by In re Cook, 205 B.R. 437 (1997). However, after BAPCPA, the court in the case of *In re Williams*, 385 B.R. 468 (2008), citing Judge Keith M. Lundin, also pointed out to the need for debtor's attorneys "who receive some or all of their fees through the plan, must construct the plan so that distributions to the attorney do not threaten the availability of funds to make required equal installment payments to lienholders that are sufficient to provide adequate protection after confirmation." Keith M. Lundin, <u>Chapter 13 Bankruptcy</u> § 442.1, p. 442-3 (3d ed. 2000 Supp. 2007-1).

19. Most of the chapter 13 plans include a provision to cure arrears on a defaulted mortgage loan, while Debtors continue making direct regular payments to said creditor. <u>In such cases, Debtor keeps paying its monthly installment to the mortgage lien holder and although both collaterals depreciate, the vehicle depreciates at a faster pace. (See *In re Desardi*, supra.) The mortgage holder in such cases has been adequately protected since, through the life of the plan, will keep receiving the regular monthly payment, together with trustee's disbursements for the pre-petition arrears claimed</u>.

**IV. ALLEGATIONS**

20. As a secured creditor, Firstbank PR is entitled to adequate protection payments *pre* and *post* confirmation.

21. The proposed plan dated dated August 2, 2018 (docket no. 24) pays Firstbank's claim no. 1 in full, along insurance quote through Eastern America, while unsecured creditors are to receive pro-rata disbursements.

22. Although claim is *under secured*, plan fails to provide adequate protection payments from the filing of claim no. 1 until plan is confirmed. **Firstbank PR requests that Debtor's plan be amended to provide *adequate protection payments for* claim no. 1 in the amount of $100.00, retroactive to the filing of said claim until plan is confirmed**.

23. If the proposed plan is confirmed as filed, from confirmation, Firstbank PR will start receiving payments on claim no. 1 from February 2019; this is a year from the filing of the voluntary petition. (See *Attachment "A".*) This is unacceptable because during said year Debtor will continue depreciating the collateral without providing appearing creditor the corresponding *post*-confirmation adequate protection. **Firstbank PR requests that Debtor's plan be amended**

Objection to the confirmation
FIRSTBANK Puerto Rico                                                                        -7-

**to pay claim no. 1 from confirmation, in _equal monthly payments_ concurrently with the attorney's fees until fees are paid in full.**

**V. PRAY**

  **WHEREFORE** and in light of the above stated, FIRSTBANK Puerto Rico respectfully requests this Honorable Court to grant this motion and deny the confirmation of Debtor's proposed plan.

**NOTICE**

  Within fourteen (14) days after service as evidenced by the certification, and additional three (3) days pursuant to Fed. R. Bankr. P. 9006 (f) if you were served by mail, any party against whom this paper has been served, or any party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's Office Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.  Local Bankruptcy Rule 9013-1(c)(1).

  RESPECTFULLY SUBMITTED.

  In San Juan, Puerto Rico, this 6 day of August, 2018.

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of this motion was served by CM/ECF at the authorized address of: all creditors; Alejandro Oliveras Rivera, Esq., Chapter 13 Trustee; Roberto Figueroa Carrasquillo, Esq., debtor's attorney and to debtor by regular mail to the address of record: P.O. Box 5451, Caguas, P.R. 00726, as per the attached _List of Creditors_.

            //s// Maricarmen Colón Díaz
            **MARICARMEN COLON DIAZ**, Esq.
            Attorney for Movant - USDC 211410
            MARIA M. BENABE RIVERA– USDC 208906
            P.O. Box 9146, Santurce, P.R. 00908-0146
            Centro de Servicios al Consumidor (248)
            1130 Muñoz Rivera Ave., San Juan, P.R.
            Tel. (787) 729-8135 / Fax (787) 729-8276
            maricarmen.colon@firstbankpr.com

Attachment "A"

**DISTRIBUTION OF PLAN PAYMENTS BY MONTH**

Case No.: 18-00821  ESL    CARMINEE MARQUEZ ARROYO

Filing Date  02/19/18

CONF. HEARING CONT. : AGOSTO 8, 2018

PLAN DATED:  08/02/2018 (DKT. #24)

Prepared: 3/29/2018 // REV. 08/03/2018

| Plan Month | 1 Mar-18 | 2 Apr-18 | 3 May-18 | 4 Jun-18 | 5 Jul-18 | 6 Aug-18 | 7 Sep-18 | 8 Oct-18 | 9 Nov-18 | 10 Dec-18 | 11 Jan-19 | 12 Feb-19 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Attorneys Fees | 78.30 | 296.10 | 296.10 | 296.10 | 296.10 | 90.10 | 296.10 | 296.10 | 296.10 | 296.10 | 296.10 | 296.10 |
| PAP auto FB | | | | | | 206.00 | | | | | | 261.40 |
| In full auto FB | | | | | | | | | | | | |
| Insurance: Auto FB | | | | | | | | | | | | |
| Priority: IRS | | | | | | | | | | | | |
| .: Unsecured debts | | | | | | | | | | | | |
| nent to Creditors | 78.30 | 296.10 | 296.10 | 296.10 | 296.10 | 296.10 | 296.10 | 296.10 | 296.10 | 296.10 | 296.10 | 296.10 |
| (-ran PMTS) w/Trustee Fee | 87.00 | 329.00 | 329.00 | 329.00 | 329.00 | 329.00 | 329.00 | 329.00 | 329.00 | 329.00 | 329.00 | 329.00 |
| Trustee % Fee | 10.00 | | | | | | | | | | | |
| Trustee Fee Factor | 0.90 | | | | | | | | | | | |

**DISTRIBUTION OF PLAN PAYMENTS BY MONTH**

| # | Month | | |
|---|---|---|---|
| 13 | Mar-19 | 494.10 | 494.10 / 549.00 |
| 14 | Apr-19 | 494.10 | 494.10 / 549.00 |
| 15 | May-19 | 494.10 | 494.10 / 549.00 |
| 16 | Jun-19 | 494.10 | 494.10 / 549.00 |
| 17 | Jul-19 | 494.10 | 494.10 / 549.00 |
| 18 | Aug-19 | 494.10 | 494.10 / 549.00 |
| 19 | Sep-19 | 494.10 | 494.10 / 549.00 |
| 20 | Oct-19 | 494.10 | 494.10 / 549.00 |
| 21 | Dec-19 | 494.10 | 494.10 / 549.00 |
| 22 | Jan-20 | 494.10 | 494.10 / 549.00 |
| 23 | Feb-20 | 494.10 | 494.10 / 549.00 |
| 24 | Mar-20 | 494.10 | 494.10 / 549.00 |
| 25 | Apr-20 | 494.10 | 494.10 / 549.00 |
| 26 | May-20 | 494.10 | 494.10 / 549.00 |

## DISTRIBUTION OF PLAN PAYMENTS BY MONTH

| # | Month | | | |
|---|-------|------|------|------|
| 27 | Jun-20 | 494.10 | 494.10 | 549.00 |
| 28 | Jul-20 | 494.10 | 494.10 | 549.00 |
| 29 | Aug-20 | 494.10 | 494.10 | 549.00 |
| 30 | Sep-20 | 494.10 | 494.10 | 549.00 |
| 31 | Oct-20 | 494.10 | 494.10 | 549.00 |
| 32 | Nov-20 | 494.10 | 494.10 | 549.00 |
| 33 | Dec-20 | 494.10 | 494.10 | 549.00 |
| 34 | Jan-21 | 494.10 | 494.10 | 549.00 |
| 35 | Feb-21 | 494.10 | 494.10 | 549.00 |
| 36 | Mar-21 | 494.10 | 494.10 | 549.00 |
| 37 | Apr-21 | 494.10 | 494.10 | 549.00 |
| 38 | May-21 | 494.10 | 494.10 | 549.00 |
| 39 | Jun-21 | 494.10 | 494.10 | 549.00 |
| 40 | Jul-21 | 494.10 | 494.10 | 549.00 |

## DISTRIBUTION OF PLAN PAYMENTS BY MONTH

| # | Month | | | | | |
|---|-------|--------|--------|--------|-------|-------|
| 41 | Aug-21 | | 494.10 | 494.10 | 549.00 | |
| 42 | Sep-21 | | 494.10 | 494.10 | 549.00 | |
| 43 | Oct-21 | | 494.10 | 494.10 | 549.00 | |
| 44 | Nov-21 | 441.10 | 494.10 | 549.00 | 53.00 | |
| 45 | Dec-21 | 441.10 | 494.10 | 549.00 | 53.00 | |
| 46 | Jan-22 | 441.10 | 494.10 | 549.00 | 53.00 | |
| 47 | Feb-22 | 441.10 | 494.10 | 549.00 | 53.00 | |
| 48 | Mar-22 | 441.10 | 494.10 | 549.00 | 53.00 | |
| 49 | Apr-22 | 441.10 | 494.10 | 549.00 | 53.00 | |
| 50 | May-22 | 441.10 | 494.10 | 549.00 | 53.00 | |
| 51 | Jun-22 | 441.10 | 494.10 | 549.00 | 53.00 | |
| 52 | Jul-22 | 441.10 | 494.10 | 549.00 | 53.00 | |
| 53 | Aug-22 | 441.10 | 494.10 | 549.00 | 53.00 | |
| 54 | Sep-22 | 377.06 | 494.10 | 549.00 | 53.00 | 64.04 |

## DISTRIBUTION OF PLAN PAYMENTS BY MONTH

| 55 Oct-22 | 56 Nov-22 | 57 Dec-22 | 58 Jan-23 | 59 Feb-23 | 60 Mar-23 | Totals | | Plan Month |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | 0 | |
| | | | | | | 2868.00 | | Attorneys Fees |
| | | | | | | 206.00 | | PAP auto FB |
| | | | | | | 20366.56 | | In full auto FB |
| | | | | | | 583.00 | | Insurance: Auto FB |
| 494.10 | 494.10 | 494.10 | 135.63 | | | 1681.97 | | Priority: IRS |
| | | | 358.47 | 494.10 | 494.10 | 1346.67 | | Gen. Unsecured debts |
| | | | | | | 0.00 | 0 | |
| | | | | | | 0.00 | 0 | |
| | | | | | | 0.00 | 0 | |
| | | | | | | 0.00 | 0 | |
| | | | | | | 0.00 | 0 | |
| | | | | | | 0.00 | 0 | |
| | | | | | | 0.00 | 0 | |
| | | | | | | 0.00 | 0 | |
| | | | | | | 0.00 | 0 | |
| | | | | | | 0.00 | 0 | |
| | | | | | | 0.00 | 0 | |
| | | | | | | 0.00 | 0 | |
| | | | | | | 0.00 | 0 | |
| 494.10 | 494.10 | 494.10 | 494.10 | 494.10 | 494.10 | 27052.20 | 0 | Payment to Creditors |
| 549.00 | 549.00 | 549.00 | 549.00 | 549.00 | 549.00 | 30058.00 | 0 | (Plan PMTs) w/Trustee Fee |

```
Label Matrix for local noticing        FIRSTBANK PUERTO RICO            US Bankruptcy Court District of P.R.
0104-3                                  PO BOX 9146                     Jose V Toledo Fed Bldg & US Courthouse
Case 18-00821-ESL13                     SAN JUAN, PR 00908-0146         300 Recinto Sur Street, Room 109
District of Puerto Rico                                                 San Juan, PR 00901-1964
Old San Juan
Mon Aug  6 10:20:23 AST 2018

AAA                                     AEE                             AEELA
PO Box 70101                            PO Box 363508                   P O BOX 364508
San Juan, PR  00936-8101                San Juan, PR  00936-3508        San Juan, PR  00936-4508




Claro                                   FIRST BANK                      (p)INTERNAL REVENUE SERVICE
PO Box 360998                           CONSUMER SERVICE CENTER         CENTRALIZED INSOLVENCY OPERATIONS
San Juan, PR  00936-0998                BANKRUPTCY DIVISION -CODE 248   PO BOX 7346
                                        PO BOX 9146, SAN JUAN PR 00908-0146  PHILADELPHIA PA 19101-7346



Liberty Cablevision of Puerto Rico      PREPA - BANKRUPTCY OFFICE       Sistema de Retiro ELA
Luquillo Industrial Park 992 KM. 0.2    PO BOX 364267                   PO Box 42003
Luquillo, PR  00773                     SAN JUAN PR 00936-4267          San Juan, PR  00940-2203




ALEJANDRO OLIVERAS RIVERA               CARMINEE MARQUEZ ARROYO         MONSITA LECAROZ ARRIBAS
ALEJANDRO OLIVERAS CHAPTER 13 TRUS      PO BOX 5451                     OFFICE OF THE US TRUSTEE (UST)
PO BOX 9024062                          CAGUAS, PR 00726-5451           OCHOA BUILDING
SAN JUAN, PR 00902-4062                                                 500 TANCA STREET  SUITE 301
                                                                        SAN JUAN, PR 00901


ROBERTO FIGUEROA CARRASQUILLO
PO BOX 186
CAGUAS, PR 00726-0186
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Internal Revenue Service                End of Label Matrix
PO Box 21126                            Mailable recipients   15
Philadelphia, PA  19114-0326            Bypassed recipients    0
                                        Total                 15
```